192 F.3d 922 (9th Cir. 1999)
 ECOLOGY CENTER, INC., Plaintiff-Appellant,
v.
UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; ROBERT SCHRENK, Forest Supervisor of the Kootenai National Forest; HAL SALWASSER, Regional Forester for Region One, USFS, Defendants-Appellees.
 No. 98-35123
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted July 15, 1999--Portland, Oregon
Decided September 27, 1999
 
 Jack R. Tuholske, Missoula, Montana, for the plaintiff appellant.
 David C. Shilton, United States Department of Justice, Washington, D.C., for the defendants-appellees.
 Appeal from the United States District Court for the District of Montana; Leif B. Erickson, Magistrate Judge, Presiding[1]. D.C. No. CV-96-00142-LBE.
 Before: Alfred T. Goodwin, Betty B. Fletcher and A. Wallace Tashima, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 The Ecology Center, Inc. ("Center"), appeals the dismissal of the Center's action seeking to compel the United States Forest Service ("Forest Service") to comply with its duty under the National Forest Management Act ("NFMA"), 16 U.S.C. SS 1600-1614, to monitor the Kootenai National Forest ("KNF"). The court held that it lacked subject matter jurisdiction to review the action because the Forest Service's failure to perform certain monitoring tasks did not constitute (1) a final agency action, or (2) an action unreasonably withheld or delayed pursuant to 5 U.S.C. S 706(1). We affirm.
 
 I. Facts & Procedural History
 
 2
 The Center challenges, under the Administrative Procedure Act ("APA"), the failure of the Forest Service to comply with monitoring duties imposed by the NFMA and its implementing regulations. In 1976 Congress enacted the NMFA, which directs the Forest Service to manage the national forests by preparing "land and resource management plans " to guide land use management on each forest. 16 U.S.C. S 1604(a).[2] Under the KootenaiNational Forest Plan[3] ("Plan") adopted by KNF in 1987, KNF is required to produce annual, biannual and five-year reports containing monitoring data helpful for the Forest Service to make "periodic determinations and evaluations of the effects of management practice." See 36 C.F.R. S 219.11.[4] The Plan sets forth 39 specific parameters--such as trends in recreation, wildlife habitat and populations, recovery of endangered species, acres of noxious weed infestation, and acres of timber harvest--to be monitored on an annual, biannual or quarterly basis, subject to the availability of funds.
 
 
 3
 KNF began its monitoring under the Plan through informal observation and surveys and formal studies. It published reports of its activities, in which it addressed the various items identified in the Plan, for each year except 1988 and 1993. On September 13, 1996, the Center filed a complaint seeking to compel the Forest Service to comply fully with its monitoring duty. The Forest Service admits that it failed to publish annual reports in 1988 and 1993 (although it issued combined twoyear reports in 1989 and 1994) and that the reports it published presented inadequate results with regard to some of the monitoring items. However, on December 2, 1997, the magistrate judge dismissed the Center's claim for lack of subject matter jurisdiction.
 
 II. Standard of Review
 
 4
 This court reviews de novo a district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir. 1989).
 
 III. Discussion
 A. Final Agency Action
 
 5
 The Center contends that the magistrate judge erred in concluding that it lacked subject matter jurisdiction under the APA. The Center asserts that the Forest Service's inadequate monitoring efforts should have been construed as a final agency action for the purposes of establishing jurisdiction. The Forest Service argues, on the other hand, that its monitoring efforts were merely interim advisory steps in forest management that do not constitute a final administrative agency action and, thus, are not subject to judicial review.
 
 
 6
 Courts are generally precluded, under the ripeness doctrine, from prematurely adjudicating administrative matters until the proper agency has formalized its decision making process. Abbott Lab v. Gardner, 387 U.S. 136, 148-49 (1967). As codified in the APA, a person suffering a legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review. See 5 U.S.C. S 702.[5] The agency action must be a final agency action for which there is not any other adequate court remedy, or be reviewable by statute. See 5 U.S.C. S 704.
 
 
 7
 Because the NMFA does not authorize judicial review or create a private cause of action to enforce its provisions, to establish jurisdiction the Center must demonstrate that the Forest Service'smonitoring efforts constituted a final agency action under the APA. The Supreme Court has elaborated on two conditions that must be met for an administrative action to be considered as final under the APA: (1) the action should mark the consummation of the agency's decision making process; and (2) the action should be one by which rights or obligations have been determined or from which legal consequences flow. Bennett v. Spear, 520 U.S. 154, 177 (1997).
 
 
 8
 In this case, the Center has not met either criterion. First, the Center has failed to show monitoring, under the Plan, to be an action that marks the culmination of a decision making process. Instead, its argument supports the Forest Service's interpretation--that monitoring and reporting are only steps leading to an agency decision, rather than the final action itself. Regulations implementing the NFMA make clear that monitoring is several steps removed from final agency action, for monitoring takes place even before the interdisciplinary team decides whether to "recommend to the Forest Supervisor such changes in management direction, revisions, or amendments to the forest plan as are deemed necessary," and, necessarily, before the supervisor decides whether to adopt the proposed changes. 36 C.F.R. S 219.12(k). Because courts have recognized that agency recommendations are not reviewable as final agency actions, see, e.g., Dalton v. Spencer, 511 U.S. 462, 468 (1994) (holding that recommendations of Defense Base Closure and Realignment Commission were not reviewable as final agency actions), and monitoring clearly precedes the making of a recommendation; monitoring does not "consummate" any agency process and is not a final agency action.
 
 
 9
 Second, although the Forest Service's monitoring duty is mandatory under the Plan, legal consequences do not necessarily flow from that duty, nor do rights or obligations arise from it. See Ohio Forestry v. Sierra Club, 118 S.Ct. 1665, 1670 (1998) (plaintiff's challenge to provisions for logging in a Forest Plan are not justiciable until "a time when harm is more imminent and more certain."). The Center contends that even though it cannot complain of a concrete agency action that has directly caused it harm, it still has suffered an actionable harm as a result of inadequate monitoring that has prevented it from obtaining the information necessary to participate properly in overseeing the agency's actions under the NMFA.[6] However, the NMFA does not provide for any public participation requirements in the conduct of monitoring,[7] and without such a mandate the Center "cannot demand general judicial review" of day-to-day operations. Lujan v. National Wildlife Federation, 497 U.S. 871, 899 (1990); see also id. at 894 ("[e]xcept where Congress explicitly provides for our correction of theadministrative process at a higher level of generality, we intervene in the administration of the laws only when, and to the extent that, a `final agency action' has an actual or immediate threatened effect"). Because the Center fails to identify any "concrete action ... that harms or threatens to harm" it, id. at 891, its characterization of the Forest Service's action as final is misplaced.
 
 B. Failure to Act
 
 10
 The Center contends that even if the Forest Service's failure to comply with its monitoring duty is not considered to be a final agency action under 5 U.S.C. S 704, its claims are still ripe for judicial review pursuant to S 706(1). Section 706(1) permits the court to review claims to compel "agency action unlawfully withheld or unreasonably delayed. " The Center alleges that because the Forest Service has continuously failed to meet its monitoring duty required under the Plan, it has in effect unlawfully withheld or unreasonably delayed performing a mandatory responsibility. Thus, it asserts, judicial review of its complaint should be available under this failure to act exception.
 
 
 11
 Courts have permitted jurisdiction under the limited exception to the finality doctrine only when there has been a genuine failure to act. This court has refused to allow plaintiffs to evade the finality requirement with complaints about the sufficiency of an agency action "dressed up as an agency's failure to act." Nevada v. Watkins, 939 F.2d 710, 714 n.11 (9th Cir. 1991) (denying jurisdiction on basis that agency had failed to act when there were merely deficiencies in energy guidelines rather than actual failure by Secretary to act).
 
 
 12
 In this case, the Center has not pleaded a genuine S 706(1) claim. The record demonstrates that the Forest Service performed extensive monitoring and provided detailed reports recounting its observations. The Forest Service merely failed to conduct its duty in strict conformance with the Plan and NFMA Regulations. Were we to hold the Forest Service liable under S 706(1) for each oversight, we would discourage the Forest Service from producing ambitious forest plans. See also ONRC Action v. Bureau of Land Management, 150 F.3d 1132, 1139 (9th Cir. 1998) (holding that agency interpretation of statute is entitled to considerable weight and will be upheld if reasonable and not in conflict with clear language of statute).
 
 
 13
 For the foregoing reasons, we affirm the magistrate judge's dismissal on the grounds that the Center's claims were not ripe for review, and, thus, the court lacked subject matter jurisdiction.
 
 
 14
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Pursuant to stipulation of the parties and Rule 105-2(d) of the U.S. District Court for the District of Montana, the case was tried before a magistrate judge.
 
 
 [2]
 Forest planning and management occur at two distinct administrative levels of decision making: (1) the "programmatic level" at which the Forest Service develops alternative management scenarios responsive to public concerns, analyzes the costs, benefits and consequences of each alternative in an environmental impact statement ("EIS"), and adopts an amendable forest plan to guide management of multiple use resources; and (2) the implementation stage during which individual site specific projects, consistent with the forest plan, are proposed and assessed.
 
 
 [3]
 The Forest is located in northwest Montana, encompassing 2.2 million acres of the easternmost portion of the Pacific Northwest temperate rain forest. The Forest is home to more than 280 species of wildlife, including several endangered species.
 
 
 [4]
 An interdisciplinary team reviews the monitoring results and makes recommendations to the Forest Supervisor, who determines whether management changes or plan amendments are necessary. 36 C.F.R. S 219.12(k).
 
 
 [5]
 To establish a right of relief under S 702, a claimant must satisfy two requirements: (1) that it has been affected by "agency action" as defined in S 551(13); and (2) that it has been "adversely affected or aggrieved" by that action "within the meaning of a relevant statute."
 
 
 [6]
 The Center implies that by denying review of its claim, this court will foreclose any avenue for recourse to end any hardship and injury caused by the Forest Service's inadequate monitoring. However, the courts clearly permit a plaintiff to raise claims pertaining to inadequate monitoring by bringing an APA challenge to a final decision. See, e.g., Idaho Sporting Congress v. Thomas, 137 F.3d 1146, 1153 (9th Cir. 1998) (challenging decision to allow timber sale on grounds that Forest Service had allegedly failed, in contravention of forest plan, to monitor trout populations in streams affected by sale).
 
 
 [7]
 The NFMA requires public participation only in the promulgation, amendment, and revision of forest plans. As stated in 16 U.S.C. S 1602(d): [t]he Secretary shall provide for public participation in the development, review, and revision of land management plans including, but not limited to, making the plans or revisions available to the public at convenient locations in the vacinity of the affected unit for a period of at least three months before final adoption, during which period the Secretary shall publicize and hold public meetings or comparable processes at locations that foster public participation in review of such plans or revisions.