**MONTANA SNOWMOBILE ASSOCIATION; the Town of Superior; and the Blueribbon Coalition, Inc., Plaintiffs–Appellants,**

**v.**

**Charles C. WILDES, et al., Defendants–Appellees,**

**and**

**Montana Wilderness Association, et al., Defendants–Intervenors Appellees.**

**No. 00–35348.**
**D.C. No. CV 99–0004 DWM.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Feb. 5, 2002.

---

Before REAVLEY,[1] B. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM [2]

Plaintiffs Montana Snowmobile Association, the Town of Superior, and the Blueribbon Coalition, Inc., (collectively "the Snowmobilers"), appeal the district court's grant of summary judgment in favor of defendants Charles Wildes, Dale Bosworth, and the United States Forest Service, (collectively "the Forest Service"), and defendant-intervenors Montana Wilderness Association, et al., (collectively "the Wilderness Association").

The Snowmobilers argue that the district court erred in holding that their action was barred by 28 U.S.C. § 2401(a) which requires that civil actions commenced against the United States be brought within six years after the right of action first accrues. In so holding, the Snowmobilers contend that the court further erred by failing to reach plaintiffs' claims on the merits, *to wit*, that defendants, first, failed to perform duties pursuant to 36 C.F.R. § 295 and 40 C.F.R. § 1502.9(c)(1)(ii), in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), and, second, acted arbitrarily, capriciously, or unlawfully in violation of the APA, 5 U.S.C. § 706(2)(A).

Were we to agree with the Snowmobilers[3] that the statute of limitations does not bar their claims, we nonetheless would find both claims insufficient on their merits and accordingly affirm the district court's grant of summary judgment.

Because the parties are familiar with the facts, we recite here only those facts necessary to explain our decision.

### I. *Plaintiffs' 5 U.S.C. § 706(1) Claim*

The APA gives this court the power to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). "Courts have permitted jurisdiction under [§ 706(1)'s] limited exception to the finality doctrine only when there has been a genuine failure to act." *Ecology Center, Inc. v. United States Forest Service*, 192 F.3d 922, 926 (9th Cir.1999).

The Snowmobilers contend that the Forest Service committed errors of commission and omission arising from its response to travel planning duties spelled out in two provisions of the Code of Federal Regulations. Specifically, plaintiffs allege that defendants have, (1) failed to comply with 36 C.F.R. § 295's requirement to monitor "effects of use by specific types of vehicles off roads" in the National Forest and to consider such monitoring results in the formation of future travel planning, along with "annual[ ] review[ ]" of off-road vehicle management plans,[4] and (2) violated 40

1. Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

3. On appeal, the government changes its position and agrees with the Snowmobilers.

4. "Monitoring effects of vehicle use off National Forest System roads[:] The effects of use by specific types of vehicles off roads on

the National Forest System lands will be monitored. If the results of monitoring, including public input, indicate that the use of one or more vehicle types off roads is causing or will cause considerable adverse effects on the factors and resource values referred to in § 295.2, the area or trail suffering adverse effects will be immediately closed to the responsible vehicle type ...." 36 C.F.R. § 295.5.

"Revision of off-road vehicle management plans[:] Forest Supervisors will annually review off-road vehicle management plans and temporary designations implemented since

C.F.R. § 1502.9(c)(1)(ii), which requires supplemental National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4331, analysis whenever ". . . there are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts."[5]

█ Plaintiffs fail to plead a genuine § 706(1) claim. If we assume their allegations present a facially valid claim under the APA, sufficient evidence was presented by the Forest Service to establish that the agency acted within its discretion during the relevant period. The Forest Service, *inter alia*, prepared a monitoring report once it was made aware of the increased use of motorized vehicles within the Lolo National Forest, and eventually prepared an extensive Stateline Environmental Assessment of the Forest, memorialized in a published document. More recently it prepared a June 2000 monitoring report that continues the analysis of off-road vehicle use within the relevant management areas.[6]

The Forest Service is not required to publish its monitoring reports, nor do any statutes burden the Service with the onerous requirement of annually preparing detailed, redundant reports on forest conditions when, in the agency's judgment, such reports are not necessary.

Absent evidence that the Forest Service failed to act in good faith compliance with

the last annual review. If the plan needs revision, the public will be given the opportunity to participate in the review as stated in § 295.3." 36 C.F.R. § 295 .6.

**5.** "(c) Agencies: (1) Shall prepare supplements to either draft or final environmental impact statements if: . . . (ii) There are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1502.9.

its NEPA travel planning obligations, plaintiffs' claim cannot be maintained.

## II. *Plaintiffs' 5 U.S.C. § 706(2)(A) Claim*

The APA provides that a reviewing court may "hold unlawful and set aside agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A).

The Snowmobilers argue that the 1998 closure letter announcing the prohibition of motorized vehicle use in Management Areas 11 and 12 arbitrarily and capriciously "revers[ed] thirteen years of on-the-ground motorized access management direction."

The Forest Service admits that it erred in failing to expeditiously implement the ban on motorized vehicle access in Management Areas 11 and 12 that was made explicit in the 1986 Forest Plan. The Forest Service describes its behavior as an attempt to accommodate the then existing minimal motorized vehicle use. We are reminded of the adage "Let no good deed go unpunished." The Forest Service's flexibility and wait-and-see approach over the next thirteen years was of enormous benefit to the plaintiffs, who now are angered that the era of *laissez faire* has come to an end.

**6.** The Forest Service is continuing to review the 1986 Forest Plan and makes clear to the court that it is in discussions with plaintiffs, and others, regarding the possibility of allowing some off-road motorized vehicle access within discrete sections of Management Areas 11 or 12. This evidence further belies plaintiffs' argument that the Forest Service is derelict in its duty to continually assess off-road vehicle management plans.

Between 1986 and 1998 there is no doubt that some uncertainty existed for those seeking access to certain areas of the Lolo Forest for snowmobiling and other motorized vehicle use. While we do not condone the Forest Service's failure to conform the travel maps to the 1986 Forest Plan in a timely fashion, pursuant to 36 C.F.R. § 295.4, it is hardly an arbitrary or capricious act to belatedly conform them, and to take the closure action required by the Forest Plan. *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 729, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998) (noting that the Forest Service develops forest plans "pursuant to NFMA, and uses these forest plans to 'guide all natural resource management activities'") (quoting 36 C.F.R. § 219.1(b)); *see also* 16 U.S.C. § 1604(f) ("Plans developed in accordance with this section shall ... (2) be embodied in appropriate written material, including maps ... "); Forest Service Manual § 2355.03 ("[the] Forest Visitor Map is periodically revised to exhibit to the public changes in travel management ... [t]he Forest Plan sets the direction for the management of the land ..." such that "complying with the Forest Plan direction will be accomplished as soon as practicable.").

As the district court noted, far from being contrary to law, the closure action was compelled by law. Plaintiffs fail to present any evidence upon which this court could find that the Forest Service acted in violation of 5 U.S.C. § 706(2)(A) when it issued its closure letter in 1998.

AFFIRMED